Travis W. Walker
1767 Lakewood Ranch Blvd PMB 161
Bradenton, FL 34211
twdirect@gmail.com
pro se

# UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA

## TAMPA DIVISION

| | |
|---|---|
| Travis W. Walker<br><br>　　　　　　Plaintiff,<br><br>V.<br><br>CROSSCOUNTRY MORTGAGE, LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), and NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER<br><br>　　　　　　Defendants | **CASE NO:**<br><br><br><br>**ORIGINAL COMPLAINT**<br><br><br><br><br><br>**REQUEST IN EQUITY AND DEMAND FOR JURY TRIAL** |

## ORIGINAL COMPLAINT

COMES NOW Plaintiff, Travis W. Walker ("Plaintiff"), appearing pro se, files this Complaint against Defendants and alleges as follows:

**I.    JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) (diversity of citizenship) as Plaintiff is a citizen of Florida, and Defendants are citizens of Delaware, Ohio, and other states, and the amount in controversy exceeds $75,000.

1

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the property subject to this action is located within the Middle District of Florida, Tampa Division.

## II. PARTIES

1. Plaintiff Travis W. Walker is a natural person residing in Manatee County, Florida.

2. Defendant CROSSCOUNTRY MORTGAGE, LLC is a Delaware limited liability company with its principal place of business in Cleveland, Ohio.

3. Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") is a Delaware corporation with a principal address in Virginia.

4. Defendant NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER is a Delaware limited liability company with its principal place of business in Texas.

## III. FACTUAL BACKGROUND

1. Plaintiff and the former spouse, Heather O'Brien Walker, were co-titled on the property located at 3506 162nd Ave E, Parrish, Florida 34219-1743 ("Subject Property").

2. On December 1, 2021, Heather O'Brien Walker signed a Promissory Note in favor of CrossCountry Mortgage, LLC in the amount of $531,000. While Heather O'Brien Walker is a signatory on the Note, the Note does not identify her—or any party—as the "Borrower" or the "Maker" within the body of the instrument. Plaintiff did not sign the Note and did not receive any consideration under it.

3. The Mortgage securing the Note lists both Heather O'Brien Walker and Plaintiff as "Borrowers," but Plaintiff received no funds, was not a party to the Note, and did not consent to assume any loan obligation.

4. In 2025, Plaintiff shall secure a default judgment against the former spouse that includes full title to the Subject Property and a declaration that the debt associated with the Note is hers alone.

5. The Assignment of Mortgage recorded in July 2024 was executed by Sylvia Ramirez, an employee of Nationstar Mortgage d/b/a Mr. Cooper, falsely identifying herself as a Vice President of MERS.

6. The Assignment was notarized by Valencia Metcalf, also an employee of Mr. Cooper, who in other transactions was notarized by Sylvia Ramirez — establishing a pattern of mutual notarization and false authority.

7. Plaintiff alleges that these assignments are void due to lack of lawful authority, impersonation of officers, and notarial conflict of interest.

8. The invalid Assignment has clouded Plaintiff's title and is now being used as the basis for a foreclosure filed in state court.

9. The assignment was signed by an individual purporting to act as a corporate officer of MERS, yet no corporate resolution or power of attorney was recorded or provided. Without such documentation, the authority of the signer cannot be verified from the public record. As such, Plaintiff and any member of the public had no way to know whether the signer had lawful authority to act. This failure renders the assignment void or voidable and creates a cloud on title, subject to cancellation and quiet title relief.

10. Further, the Promissory Note fails the Four Corners Rule and the requirements of UCC Article 3 as a valid negotiable instrument. It does not identify any individual as the "Borrower" within the body of the instrument. While Heather O'Brien Walker's name appears in the signature block, the Note contains no language clearly linking her to the

defined term "Borrower."

11. The Note improperly relies on the Mortgage to supply missing essential terms, namely the identity of the obligor. A negotiable instrument must be complete and self-contained on its face; it cannot incorporate external documents to supply essential parties. This renders the Note facially defective, unenforceable, and non-negotiable under UCC § 3-104.

12. Because the Note fails as a negotiable instrument, it cannot be enforced through the mechanisms of endorsement and transfer under UCC Article 3. Any assignment of such an instrument is subject to all defenses available against the original lender, including lack of consideration, fraud, and contract formation.

13. Consequently, the Mortgage cannot stand on its own. A mortgage is enforceable only when there is a valid underlying debt. In the absence of a properly executed Note naming a valid obligor, there is no enforceable obligation to secure. Additionally, the use of the signature alone does not cure this defect. The absence of any identification of the Borrower within the body of the Note reflects a material deficiency.

14. These facts establish that Plaintiff cannot be held liable for obligations under a document that was not signed by the Plaintiff, that the Plaintiff did not benefit from, and which is facially defective as a legal instrument. Any attempt to enforce the Mortgage or related instruments against Plaintiff constitutes fraud, constructive fraud, and abuse of process.

15. Plaintiff has obtained a sworn Affidavit from private investigator Joseph Esquivel, who conducted a forensic examination of the subject loan. The audit concluded that the loan was placed into Freddie Mac Series 5188 and that the Note and Mortgage

lacked proper custodial documentation and chain of title to support securitization. The affidavit confirms that no lawful transfer of the Note occurred under Freddie Mac Document Custody Procedures.

16. According to Freddie Mac's Custodial Handbook and foreclosure servicing requirements, MERS may not act as a foreclosing party. Freddie Mac guidelines also require the presence of proper endorsements and custodial verifications, which are absent here. These violations further render the assignment and foreclosure attempt void.

17. Additionally, Plaintiff has confirmed through recorded notices and sworn publication that Plaintiff has no responsibility for the debts incurred by Heather O'Brien Walker, who obtained sole occupancy through fraudulent abuse allegations and committed fraud upon the property during Plaintiff's absence.

IV.     **CAUSES OF ACTION**

**COUNT I – DECLARATORY JUDGMENT (28 U.S.C. § 2201)**

1. A bona fide dispute exists regarding the validity and enforceability of the Mortgage and related assignment.

2. Plaintiff seeks a declaration that:

   i. Plaintiff is not a borrower under the Note;

   ii. The Mortgage is unenforceable as to the Plaintiff's interest;

   iii. The Assignment is void due to lack of lawful authority.

**COUNT II – QUIET TITLE**

1. Defendants' recorded instruments create a cloud on Plaintiff's title.

2. Plaintiff has superior equitable and legal title to the Subject Property.

3. Plaintiff seeks to quiet title against all claims arising from the void assignment and alleged debt.

**COUNT III – CANCELLATION OF INSTRUMENTS (Fla. Stat. § 689.07)**

1. The Mortgage and Assignment recorded against the Subject Property are void or voidable as to Plaintiff.

2. Plaintiff seeks an order cancelling the void assignment and declaring the lien unenforceable.

**COUNT IV – FRAUDULENT ASSIGNMENT / FALSE AGENCY**

1. The individuals executing the assignment falsely claimed corporate titles they did not hold.

2. The notary acknowledgment was completed by a conflicted party within the same organization.

3. The assignment was not accompanied by any recorded corporate resolution or proof of authority, depriving Plaintiff and the public of any ability to verify the signer's legal capacity. As a result, the assignment constitutes constructive fraud, misrepresentation, and slander of title.

4. Further, the Note and Mortgage instruments themselves reflect an attempt to shift

liability onto Plaintiff despite Plaintiff's lack of participation or benefit, relying on an improperly drafted Note that fails as a negotiable instrument. Such conduct reflects a pattern of deception and abuse of process to pursue foreclosure based on invalid documentation.

**COUNT V – INJUNCTIVE RELIEF (To Stay Foreclosure)**

1. Plaintiff is at imminent risk of losing the Subject Property through a foreclosure based on invalid instruments.
2. Plaintiff seeks a preliminary and permanent injunction enjoining Defendants from enforcing the Mortgage or pursuing foreclosure pending resolution of this action.

**V.   PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare the Mortgage unenforceable against Plaintiff;

B. Declare the Note non-binding on Plaintiff;

C. Cancel the recorded Assignment;

D. Quiet title in favor of Plaintiff;

E. Issue injunctive relief enjoining foreclosure activity;

F. Award costs and any other relief this Court deems just and proper.

Respectfully submitted,

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

By: /s/ Travis Walker

Travis Wesley Walker
1767 Lakewood Ranch Blvd PMB 161
Bradenton, FL 34211
(941) 999-1289
twdirect@gmail.com
pro se