UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CASE NO. 8:25-CV-01488-KKM-CPT**

TRAVIS W. WALKER,

    Plaintiff,

vs.

CROSSCOUNTRY MORTGAGE, LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), and NATIONSTAR MORTGAGE LLC d/b/a MR COOPER,

    Defendants.
_____/

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO ENJOIN FREDDIE MAC MULTICLASS CERTIFICATES, SERIES 5188 TRUST AND INCORPORATED MEMORANDUM OF LAW**

Defendants, CROSSCOUNTRY MORTGAGE, LLC ("CrossCountry"), MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), and NATIONSTAR MORTGAGE LLC d/b/a MR COOPER ("Nationstar"), by and through their undersigned counsel and pursuant to M.D. Local Rule 3.01, hereby files their Response in Opposition to Plaintiff TRAVIS WALKER's Motion to Enjoin Freddie Mac Multiclass Certificates Series 5188 Trust ("Motion") and Incorporated Memorandum of Law, and in support, states:

1. On February 19, 2025, Defendant, CrossCountry, filed a Verified Complaint for Mortgage foreclosure in the Circuit Court of the Twelfth Judicial Circuit, in and for Manatee County, Florida, Case number 2025CA000218. The Complaint was amended by Order of Court entered on August 27, 2025. In both the original Complaint and in the Amended Complaint

25-322785 - VaS

PAGE 1

("Foreclosure Complaint"), CrossCountry alleged it was the holder of the Note and Mortgage. The copy of the original Note attached to the Complaint contains a blank indorsement from CrossCountry, who was also the originating lender. Contrary to Plaintiff's assertions, only CrossCountry alleges holder status; MERS and Nationstar do not (See ¶ 2 of Plaintiff's Memorandum).

2. Plaintiff now moves to "temporarily and permanently enjoin[] the Freddie Mac Multiclass Certificates, Series 5188 Trust ("Freddie Mac Trust"), its trustees, agents, successors, or assigns from transferring, negotiating, or otherwise asserting control over the Promissory Note dated December 1, 2021, concerning the property located at 3506 162nd Ave E, Parish, Florida, during the pendency of this action[.]"

3. Plaintiff further argues that the Freddie Mac Trust should be joined as a party because it is a "necessary and indispensable party" to the action. For the reasons stated herein, Plaintiff has not established a factual or legal basis to join the Freddie Mac Trust in this action or that it is either a necessary or indispensable party.

4. Further, although not pled in the body of the Motion, in the heading, Plaintiff again makes a jury trial demand. See Defendants' Motion to Strike Jury Trial Demand filed with the Court on October 24, 2025 [DE 38]. Defendants again ask that the Jury Trial Demand be stricken.

### I. The Freddie Mac Trust is a Non-Party to the action and therefore, the Court has no jurisdiction to issue an injunction against it.

The Freddie Mac Trust is not a party to this action, and thus, the Court lacks the authority to issue an injunction against it. "[A]n injunction generally applies to only those over whom the court has jurisdiction in the proceedings leading to the injunction, and only to the extent that the

injunction gives notice to them." *United States of Am. v. Robinson*, 83 F.4th 868, 873 (11th Cir. 2023); *A.L.M. Holding Co. v. All States Materials Group Inc.*, 784 F. Supp. 3d 417, 422 (D. Mass. 2025) ("[i]t is well recognized that courts may not enter injunctions against persons or entities that were not party to the litigation before them") quoting *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1304 (Fed. Cir. 2012); *ADT LLC v. NorthStar Alarm Services, LLC*, 853 F.3d 1348, 1352 (11th Cir. 2017) ("An injunction may not extend to 'persons who act independently and whose rights have not been adjudged according to law.').

While there are exceptions to the Rule, those exceptions are limited and have no application to the facts of this case or the allegations raise by Plaintiff in the Motion. Generally, this exception applies only <u>after</u> an injunction has been issued and the non-party has notice of the injunction and aids and abets the enjoined party in violating the injunction. *Texas v. Dep't of Labor*, 929 F.3d 205, 211 (5th Cir. 2019) ("a nonparty may be held in contempt if he aids or abets an enjoined party in violating an injunction"; second, "an injunction may be enforced against a nonparty in 'privity' with an enjoined party.") (Citation omitted).  Thus, because no injunction has been issued, the Court cannot impose an injunction on The Freddie Mac Trust under these circumstances.

**II.     There is no legal basis to join The Freddie Mac Trust to this action.**

Pursuant to Fed.R.Civ.P. 19(a)(1) (A) and (B), the Freddie Mac Trust is neither a person who's absence "the court cannot accord complete relief among the existing parties" nor is it claiming an interest that needs to be protected or leaving the Plaintiff with a risk of incurring double or inconsistent obligations because of the interest. CrossCountry has alleged in the Foreclosure Complaint that it is the holder of the Note and the Note attached to the Complaint contains a blank indorsement. As a result, ownership of the loan is irrelevant.

This legal maxim – that ownership is irrelevant if a party is proceeding as the holder of a blank indorsed Note – is well-established in both the Florida state and federal courts. See e.g. *CQB, 2010, LLC v. Bank of New York Mellon*, 177 So. 3d 644, 646 (Fla. 1st DCA 2015) ("Standing to foreclose requires only proof that the foreclosing party held the note when it filed the action. Proof of prior assignments is unnecessary. … Standing is based on current possession of the note and not the chain of ownership."); *Taylor v. Deutsche Bank Nat'l Trust Co., Etc.*, 44 So. 3d 618 (Fla. 5th DCA 2010) (ownership of note is not necessary to institute a foreclosure proceeding.); *Aquasol Condo. Ass'n v. HSBC Bank USA, Nat'l Ass'n*, 312 So. 3d 105, 112 (Fla. 3d DCA 2018) ("[U]nder the Uniform Commercial Code, a plaintiff is not required to be both the owner and holder of the note in order to have standing to foreclose.... Instead, the plaintiff may establish standing by showing that it owns *or holds* the note, or is otherwise entitled to enforce the note.") (emphasis added) (citations omitted). Thus, a holder of a blank indorsed note can enforce the terms of the Note without a joinder of the owner.

> As further explained by the Eleventh Circuit, in Alabama '[a] negotiable instrument that is endorsed in blank is payable to the bearer and may be negotiated by transfer of possession alone.' [quoting *Graveling v. Castle Mortg. Co.,* 631 Fed. Appx. 690 (11th Cir. 2015)]. 'A negotiation requires [either] a transfer of possession and an indorsement by the holder if the instrument is payable to an identified person *or transfer by possession only if the instrument is payable to bearer.*' [quoting *Smalls v. Wells Fargo Bank, N.A.,* 180 So.3d 910, 916 (Ala. Civ. App. 2015)] 'Moreover, '[a] person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.' [quoting *Fed. Home Loan Mrtg. Corp. v. Wilson*, 702 Fed. Appx. 827, 829 (11th Cir. 2017)].

*Matter of Nelson*, 607 B.R. 685, 706 (Bankr. N.D. Ala. 2019).

On point is *Fed. Home Loan Mrtg. Corp. v. Wilson*, 702 Fed. Appx. 827, 829 (11th Cir. 2017). In *Wilson,* Wells Fargo Bank, N.A. ("Wells Fargo"), as the holder of the blank indorsed Note and loan servicer for the owner, Federal Home Loan Mortgage Corporation ("Freddie Mac"), brought an action for ejectment after obtaining a final judgment of foreclosure. Summary judgment of ejectment was entered in favor of Wells Fargo, and the borrower appealed arguing, in part, that Wells Fargo did not have the authority to conduct the foreclosure sale in its own name because it did not own the loan; it had sold the mortgage to Freddie Mac. *Id*. at 829.

In line with the facts of this case, Wells Fargo originated the loan and subsequently assigned the note and the mortgage to Freddie Mac. "In conjunction with the assignment, Wells Fargo endorsed the note in blank, but retained physical possession of the note and mortgage, and agreed to act as the loan servicer and document custodian for Freddie Mac. Thus, because of the assignment, Freddie Mac held legal title to the mortgage, and Wells Fargo possessed the right to enforce the remedies in the note, including the power of sale, as the entity in possession of the note. Because the note was endorsed in blank, Wells Fargo was properly considered the holder of the note and of the power of sale in the note by virtue of possession of the note. So even though Wells Fargo only possessed the note as document custodian for Freddie Mac, ownership of the note is not required." *Id.* (internal citation omitted). Thus, because standing in the Foreclosure Complaint arises out of CrossCountry's status as the holder of a blank indorsed Note, The Freddie Mac Trust's involvement in this case would be irrelevant. It is neither an indispensable party nor a necessary party to the action.

### III. Even if Freddie Mac Trust was joined as a party, Plaintiff has failed to establish the elements necessary for injunctive relief.

"In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to each of the four prerequisites. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (internal quotations omitted). "Because a preliminary injunction is an 'extraordinary' equitable remedy that is 'never awarded as of right,' the plaintiff must make a 'clear showing' that these factors favor him." *EOG Res., Inc. v. Lucky Land Mgmt., LLC*, 134 F.4th 868, 874 (6th Cir. 2025) (internal quotations omitted) (quoting *Starbucks Corp. v. McKinney*, 602 U.S. 339, 345–46, 144 S.Ct. 1570, 219 L.Ed.2d 99 (2024)).

#### A. Plaintiff has failed to establish the elements for injunctive relief.

"In order to obtain an injunction, Plaintiffs must establish that (i) there is a substantial likelihood they will prevail on the merits of their claims; (ii) they will suffer irreparable injury if the injunction is not granted; (iii) such injury outweighs the harm which granting injunctive relief would inflict upon defendants; and (iv) the public interest will not be adversely affected by the granting of an injunction. Failure to show any of the four required factors is fatal[.]" *In re Berkman*, 517 B.R. 288, 309 (Bankr. M.D. Fla. 2014). Plaintiff is unable to establish the required elements for injunctive relief.

1. **Plaintiff has a low substantial likelihood of prevailing on the merits**

There is a low likelihood that Plaintiff will prevail on the merits of his claims in the Complaint. As noted herein and in Defendants' Motions to Dismiss, CrossCountry has the right to enforce the note and mortgage in the foreclosure action because it is the holder of a blank indorsed

Note. Ownership and assignment of the loan are irrelevant to CrossCountry's standing and right to enforce. *Wells Fargo Bank, N.A. v. Morcom*, 125 So. 3d 320 (Fla. 5th DCA 2013) (bearer of note indorsed in blank has standing to foreclose even though it's not the owner, did not plead that it was proceeding in a representative capacity, and regardless of any recorded assignments). Even a wrongful holder of a blank indorsed Note has the right to seek to enforce the note. Fla. Stat. § 673.3011.

Moreover, Defendant MERS previously assigned the Mortgage, which it had the legal right to do. MERS is recognized as a mortgagee in Florida and had the right to assign its interest in a mortgage. *See Lane v. MERS*, 2014 U.S. Dist. LEXIS 4553 at *5 (M.F. Fla. Jan. 14, 2014*); HSBC Bank v. Buset*, 43 Fla. L. Weekly D 305 (Feb 7, 2018). Since MERS no longer has any present interest in the subject loan due to the assignment, any action against it is improper. Furthermore, Plaintiff has no standing to contest the validity of the Assignment by MERS as he is neither a party nor a third party beneficiary to the Assignment. See *Clark v. Lender Processing Services, Inc.*, 949 F. Supp. 2d 763, 771 (N.D. Ohio 2013) "[E]ven if there were a flaw in the assignment, [Plaintiff] does not have standing to raise that flaw to challenge [the] chain of title. [A] litigant who is not a party to an assignment lacks standing to challenge that assignment." (Internal quotation marks and citations omitted). Thus, because Plaintiff cannot establish the very first element required for injunctive relief, the inquiry can stop here. However, in an abundance of caution, Defendants address the remaining three elements.

2. **Plaintiff will not suffer irreparable injury**

Plaintiff has not established irreparable injury. Plaintiff has several other viable options to seek to prevent foreclosure. He could reinstate or payoff the loan, seek a loan modification or

attempt other loss mitigation alternatives and upon the entry of final judgment of foreclosure, he could redeem the property. Plaintiff breached the loan agreement by failing to make the required loan payments and was aware of the consequences of the default, which were clearly set forth in the Mortgage. "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Ne. Florida Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1285 (11th Cir. 1990).

Plaintiff cannot show any irreparable harm that would support issuance of an injunction against The Freddie Mac Trust. Even if The Freddie Mac Trust sold or transferred the loan, CrossCountry could still proceed with its foreclosure as the holder of a blank indorsed Note. *See City of Jacksonville,* 896 F.2d at 1285 (reversing preliminary injunction based solely on plaintiff's failure to show irreparable injury).

Furthermore, speculative harm cannot support an injunction. The only party currently seeking to enforce the Note and Mortgage is CrossCountry. The Freddie Mac Trust has not filed an independent action nor has it taken any steps to separately enforce the loan documents. *Index Newspapers LLC v. City of Portland*, 480 F. Supp. 3d 1120, 1149 (D. Or. 2020) ("speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction. A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief.") (emphasis in original).

3. **The potential injury to Plaintiff does not outweigh harm to Defendants/The Freddie Mac Trust**

Plaintiff signed the subject Mortgage on or about December 1, 2021 and payments were made on the loan until the date of default on February 1, 2024. Plaintiff still resides in the property and is receiving the benefit of the $531,000.00 that was loaned on the property without making any payments on the debt since the default date. Furthermore, Plaintiff cannot impede the right of the Freddie Mac Trust from selling the loan should it choose to. That would constitute an improper interference with The Freddie Mac Trust's right to enter into a separate and distinct contract, particularly in light of the fact that the Freddie Mac Trust is not a party to this case and the Court has no jurisdiction over it.

4. **The injunction would be against public interest**

In signing the Mortgage and receiving the benefit therefrom, Plaintiff agreed that CrossCountry or any successor in interest, could sell the Note without prior notice to Borrower. Specifically, paragraph 20 provides:

> **Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this security instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument and Applicable Law.

The public interest is served by enforcing contractual agreements. "The public has an interest in enforcing valid contracts." *CEZ Prior, LLC v. 755 N Prior Ave. LLC*, 126 F.4th 1353, 1359 (8th Cir. 2025). "[T]he public interest would not be served if Plaintiff was permitted to avoid his contractual obligations[.]" *Med. Shoppe Intern., Inc. v. S.B.S. Pill Dr., Inc.*, 336 F.3d 801, 805 (8th Cir. 2003).

25-322785 - VaS

WHEREFORE, Defendants respectfully request that this Court deny Plaintiff TRAVIS WALKER's Motion to Enjoin Freddie Mac Multiclass Certificates Series 5188 Trust and strike the Jury Trial Demand.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 31, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

ROBERTSON, ANSCHUTZ, SCHNEID, CRANE
& PARTNERS, PLLC
Attorney for Defendants
6409 Congress Ave., Suite 100
Boca Raton, FL 33487
Telephone: 561-241-6901
Facsimile: 561-997-6909
Service Email: flmail@raslg.com

By: /s/ *Vanessa D. Sloat-Rogers*
    Vanessa D. Sloat-Rogers, Esquire
    Florida Bar No. 0353530
    Communication Email: vrogers@raslg.com