Travis Wesley Walker
1767 Lakewood Ranch Blvd PMB 161
Bradenton, FL 34211
(941) 999-1289
twdirect@gmail.com
pro se

NOV 5 2025 AM 11:44
FILED - USDC - FLMD - TPA

# UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| Travis W. Walker | CASE NO: 8:25-CV-01488-KKM-CPT |
| Plaintiff, | |
| V. | **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE JURY TRIAL DEMAND** |
| CROSSCOUNTRY MORTGAGE, LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), and NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER | **REQUEST IN EQUITY AND DEMAND FOR JURY TRIAL** |
| Defendant(s) | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE JURY TRIAL DEMAND

COMES NOW the Plaintiff, Travis W. Walker, pro se, and respectfully submits this Revised Response in Opposition to Defendant's Motion to Strike Jury Trial Demand. For the reasons below, Defendant's motion should be denied.

### I. BACKGROUND

Plaintiff filed his Original Complaint in the U.S. District Court for the Middle District of Florida, clearly captioned with a DEMAND FOR JURY TRIAL pursuant to Rule 38. The Complaint asserts non-contractual causes of action including declaratory judgment, quiet title, cancellation of void instruments, and fraudulent assignment.

1

Plaintiff is not a signatory to the Promissory Note, received no consideration, and was included in the Mortgage only as a co-titled party. The claims raised center on fraudulent and unauthorized assignments, defects in the instruments themselves, and a clouded title — not enforcement of any contract obligation.

On Friday, October 24, 2025, Defendant's counsel emailed Plaintiff at 8:41 AM, stating her intention to file a Motion to Strike Jury Trial Demand and referencing Local Rule 3.01(g). Rather than allow Plaintiff time to respond, Defendant filed the motion later that same day. Plaintiff replied the following business day, Monday, October 27, 2025, with a clear objection. Despite this, Defendant inaccurately certified in the motion that Plaintiff had failed to respond, even though communication had not been meaningfully attempted beyond that one message, and time to respond had not reasonably lapsed.

Furthermore, Defendant relies on boilerplate waiver language allegedly contained in the Mortgage to justify striking Plaintiff's demand. However, the cited waiver provision does not clearly or conspicuously state that the Plaintiff was waiving a constitutional right to a jury trial — nor is the term "jury" or "constitutional waiver" defined anywhere in the instrument. The contract is a standard Fannie Mae/Freddie Mac Uniform Instrument (Form 3010), as evidenced by its pre-dated footer (ICE Mortgage Technology, dated 11/30/2021), demonstrating it was presented as a pre-printed, take-it-or-leave-it adhesion contract without any negotiation. Any alleged waiver within such a form should be strictly construed and not presumed enforceable absent clear, knowing, and voluntary consent — especially where, as demonstrated and agreed

upon in Defendant's own Motion, the Plaintiff received no consideration under the Note and is not a borrower.

## II. LEGAL STANDARD

Waiver of the right to a jury trial must be knowing, voluntary, and unequivocal. It is disfavored and must be strictly construed. The burden is on the party seeking enforcement of the waiver. See *Brookhart v. Janis*, 384 U.S. 1 (1966).

Federal and state courts routinely limit the enforceability of jury trial waivers to disputes that arise from the contract containing the waiver — and only as between the actual signatory parties.

Courts are particularly cautious where the purported waiver is found in a pre-printed, non-negotiated adhesion contract, and any ambiguity is construed against the drafter. See *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991); *Wald v. Grainger*, 64 So. 3d 1201 (Fla. 2011)

## III. ARGUMENT

### A. Jury Waiver Clause Applies Only to CrossCountry, Not Third Parties

Even if the waiver clause in the Mortgage were enforceable, it applies solely between the contracting parties. Plaintiff did not sign the Note and did not waive his jury trial rights in favor of any third party, including assignees, servicers, or MERS. The Mortgage contains no language expressly granting such third-party enforcement rights.

Plaintiff's signature on the Mortgage did not include any express acknowledgment of jury waiver, nor did it reference the clause. There is no separate line item, initialing, or plain language disclosure to meet constitutional due process.

### B. Plaintiff's Claims Are Independent of Contract Enforcement

The Complaint is based on allegations of constructive fraud, impersonation of officers, chain-of-title inconsistencies, and a void securitization process. These claims arise in tort and equity, not under the Mortgage or Note. Accordingly, they fall outside the scope of any contractual waiver of jury trial.

### C. Jury Demand Was Properly Made Under Rule 38

Plaintiff demanded a jury trial in the caption of his Complaint, satisfying FRCP 38(b). The demand was timely, clear, and preserved as a matter of law.

### D. Public Policy and Due Process Favor Jury Determination

Given the nature of the factual disputes — including alleged fraud, securitization abuse, and improper notarizations — this matter is uniquely suited for resolution by a jury. Waiving that right in favor of a boilerplate clause not binding on Plaintiff would violate due process and the Seventh Amendment.

### E. The Jury Waiver Clause Is Not Conspicuous and Cannot Support Knowing Consent

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE JURY TRIAL DEMAND

Even under the Defendants' own cited standard — that the contract's plain meaning governs — the Mortgage fails to disclose any unambiguous waiver of a constitutional right.

Even assuming arguendo that the Mortgage's jury trial waiver clause applies, it fails as a matter of law. The waiver is buried in boilerplate language near the end of a lengthy mortgage agreement, presented in the same font and format as surrounding provisions, without bolding, capitalization, boxing, or any form of emphasis. There is no initialing, no separate acknowledgment, and no express disclosure that the borrower is waiving a constitutional right. Courts interpreting both federal and Florida law require such waivers to be clear, knowing, and voluntary. This clause fails to meet those standards.

The language used is vague and overbroad, referring to claims "arising out of or in any way related to" the Mortgage or Note. Such ambiguity undermines its enforceability — especially where, as here, Plaintiff's claims concern post-contractual conduct by unrelated third parties. Moreover, Plaintiff signed the Mortgage solely to acknowledge shared title ownership and not to undertake the obligations of the Note. That distinction further limits the scope of any waiver.

Additionally, the Mortgage form used by Defendant — identified in the footer as a pre-printed Fannie Mae/Freddie Mac Uniform Instrument (Form 3010 1/01) — was drafted long before Plaintiff's involvement. The clause was presented to

5

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE JURY TRIAL DEMAND**

Plaintiff without negotiation or meaningful opportunity to opt out, rendering it an **adhesion contract**. Courts have found such waivers unenforceable when buried within lengthy, boilerplate agreements lacking mutual assent or voluntariness.

### F. No Mutuality or Consideration for Jury Waiver as to Plaintiff

There is no evidence that Plaintiff received any bargained-for exchange or consideration in connection with waiving a jury right. The Note — the instrument supported by the Mortgage — was executed only by Heather O'Brien Walker. Plaintiff was not a borrower and did not obtain funds or benefits from the underlying transaction. A waiver made without mutuality or consideration cannot be enforced against a non-benefiting party, particularly where constitutional rights are implicated.

### G. Defendant's Certification Under Local Rule 3.01(g) Is Inaccurate

Plaintiff respectfully notes that contrary to Defendant's certification under Local Rule 3.01(g), he did respond the next business day following Defendant's email request for conferral sent on Friday, October 24, 2025. The representation that Plaintiff failed to respond is **materially inaccurate** and undermines the good faith required under Rule 3.01.

## IV. CONCLUSION

For all the foregoing legal and factual reasons, Defendant's Motion to Strike Plaintiff's Jury Trial Demand must be denied. The waiver clause relied upon applies, at most,

only to CrossCountry Mortgage, LLC and cannot be enforced by or against non-signatory third parties. Plaintiff did not sign the Note, did not receive consideration, and did not knowingly or voluntarily waive his constitutional right to a jury trial.

Furthermore, Plaintiff's claims arise under tort, equity, and public law — including fraud, unauthorized assignment, and void instruments — not contract enforcement. These causes of action fall well outside the scope of any purported waiver and must be decided by a jury in accordance with Rule 38 and the Seventh Amendment.

To hold otherwise would deprive Plaintiff of fundamental rights based on boilerplate, inconspicuous language in an adhesion contract — one presented without meaningful opportunity to negotiate or understand its implications.

As a pro se litigant, Plaintiff respectfully invokes the Court's role in protecting fundamental rights where contractual language is unclear, non-negotiated, or procedurally unfair.

Accordingly, Plaintiff respectfully requests that the Court deny Defendant's Motion to Strike Jury Trial Demand in its entirety.

Respectfully submitted,

By: /s/ Travis Walker
Travis Wesley Walker
1767 Lakewood Ranch Blvd PMB 161
Bradenton, FL 34211
(941) 999-1289

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE JURY TRIAL DEMAND

twdirect@gmail.com
pro se

8

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE**
**JURY TRIAL DEMAND**

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE JURY TRIAL DEMAND** has been served upon the Defendant by certified mail, return receipt requested, and/or by electronic filing where applicable, in accordance with the Federal Rules of Civil Procedure including:

This the 30th day of October 2025.

Respectfully submitted,

ROBERTSON, ANSCHUTZ, SCHNEID, CRANE
& PARTNERS, PLLC
Attorney for Defendants
6409 Congress Ave., Suite 100
Boca Raton, FL 33487
Telephone: 561-241-6901
Facsimile: 561-997-6909
Service Email: flmail@raslg.com

Vanessa D. Sloat-Rogers, Esquire
Florida Bar No. 0353530
Communication Email: vrogers@raslg.com

By: /s/ Travis Walker
Travis Wesley Walker
1767 Lakewood Ranch Blvd PMB 161
Bradenton, FL 34211
(941) 999-1289
twdirect@gmail.com
pro se

9

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE
JURY TRIAL DEMAND