UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRAVIS W. WALKER,

    Plaintiff,

v.                                             Case No:   8:25-cv-1488-JLB-CPT

CROSSCOUNTRY MORTGAGE, LLC,
et al.,

    Defendants.
_____/

# ORDER

Plaintiff Travis W. Walker sues CrossCountry Mortgage, LLC ("CrossCountry"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Nationstar Mortgage, LLC d/b/a Mr. Cooper ("Nationstar"), (collectively, "Defendants"), challenging the reassignment of a mortgage and the foreclosure of a property. (Doc. 1). Defendants have filed individual motions to dismiss (Docs. 8, 9, & 15). Mr. Walker responded to the motions filed by CrossCountry and Nationstar. (Doc. 12). But he failed to respond to MERS's motion. The Court issued an order directing Mr. Walker to respond to that motion. (Doc. 39). He failed to respond. Accordingly, the Court treats MERS's motion (Doc. 15) as unopposed. *See* M.D. Fla. Loc. R. 3.01(d). Upon careful review of the Complaint, the parties' briefings, and the record, the Court finds that Defendants' Motions to Dismiss (Docs. 8, 9, & 15) are due to be **GRANTED**.

## BACKGROUND[1]

Mr. Walker and his former spouse, Heather O'Brien Walker, were co-titled on a property located in Parrish, Florida: 3506 162nd Avenue E., Parrish, Florida 34219-1743. (Doc. 1 at 2). On December 1, 2021, Ms. O'Brien Walker signed a promissory note on that property in favor of CrossCountry in the amount of $531,000. (*Id.*). Mr. Walker did not sign the note and did not receive any consideration for it. (*Id.*). The mortgage securing the note lists both Ms. O'Brien Walker and Mr. Walker as "Borrowers," but Mr. Walker did not consent to assume any loan obligation. (*Id.*).

In July 2024, the mortgage assignment was executed by Sylvia Ramirez and notarized by Valencia Metcalf. (*Id.* at 3). Mr. Walker alleges that both Ms. Ramirez and Ms. Metcalf falsely represented their positions. (*Id.*). He alleges that Ms. Ramirez was an employee of Nationstar but falsely identified herself as a vice president of MERS. (*Id.*). He further alleges that Ms. Metcalf was an employee of Nationstar. (*Id.*). Together, he argues that the reassignment of the mortgage is "void due to lack of lawful authority, impersonation of officers, and notarial conflict of interest." (*Id.*). He also states that, "The invalid [a]ssignment has clouded Plaintiff's title and is now being used as the basis for a foreclosure filed in state court." (*Id.*).

---

[1] "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999) (citation omitted). Accordingly, this background section relies on facts recited in the Complaint. (*See* Doc. 1).

Put simply, Mr. Walker argues that he cannot be held liable for obligations under the note because the note did not identify the obligor and the mortgage "cannot stand on its own" because there is no underlying debt without a valid obligor on the note. (*Id.* at 4). He brings five counts against the Defendants in this case. (Doc. 1). He seeks (1) a declaratory judgment that he is not a borrower under the note, the mortgage is unenforceable, and the assignment is void ("Count I"), (2) quiet title against all claims arising from the assignment and debt ("Count II"), (3) cancellation of the mortgage and assignment and a declaration declaring the lien unenforceable ("Count III"), (4) a declaration that the mortgage was fraudulently assigned ("Count IV"), and (5) injunctive relief to stay the state court foreclosure action ("Count V"). (*Id.*).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint also must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (citation omitted). To survive a Rule 12(b)(6) motion, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified). Bare "labels and conclusions, and a formulaic recitation of the elements of a cause of action," do

3

not suffice. *Twombly*, 550 U.S. at 555. A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See id.*, 550 U.S. at 570. A claim is facially plausible when a court can draw a reasonable inference, based on the facts pleaded, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

When considering dismissal, courts must accept all factual allegations in the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). To warrant dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6), it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. State of Alabama*, 30 F.3d 117, 120 (11th Cir. 1994) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

## DISCUSSION

Defendants argue that this case should be dismissed under Federal Rule of Civil Procedure 12(b)(6). (Docs. 8, 9, & 15). Specifically, they argue that Mr. Walker lacks standing because there is no present controversy and the assignment does not affect CrossCountry's right to enforce the note and mortgage, among other arguments. (Docs. 8, 9, & 15). Upon review of Mr. Walker's operative Complaint, the parties' briefing, and the entire record, the Court finds that Defendants' Motions to Dismiss (Docs. 8, 9, & 15) are due to be **GRANTED**.

I.  **The Complaint is a shotgun pleading.**

The Federal Rules of Civil Procedure provide that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and that a "party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 10(b).  In analyzing a motion to dismiss, the factual allegations in the complaint are accepted as true and viewed in the light most favorable to the plaintiff.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  But only non-conclusory allegations are entitled to the assumption of truth.  *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (citing *Iqbal*, 556 U.S. at 679). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 at 679.  "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012).  Rule 8 requires that a complaint "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (alteration in original) (quoting *Twombly*, 550 U.S. at 555).

Complaints that fail to meet these standards are sometimes called "shotgun pleadings." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015).  The Eleventh Circuit has "repeatedly condemned shotgun pleadings," explaining that they "fail[] to give the defendants adequate notice of the claims

5

against them and the grounds upon which each claim rests." *Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019) (citing *Weiland*, 792 F.3d at 1323).

The Eleventh Circuit has enumerated four types of shotgun complaints. *Weiland*, 792 F.3d at 1321. The four types include:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. **Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.**

*Id.* at 1321–23 (emphasis added and footnotes omitted). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

The proper remedy for a shotgun pleading is to strike the offending pleading and instruct counsel to replead the case. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357–58 (11th Cir. 2018) ("[I]n a case in which a party, plaintiff or defendant, files a shotgun pleading, the district court should strike the pleading and instruct counsel to replead the case. . . This is so even when the other party does not

move to strike the pleading.") (citation modified).

The Court has thoroughly reviewed Mr. Walker's Complaint (Doc. 1). In the Complaint, Mr. Walker sues three defendants, alleging five claims. (*Id.*). But Mr. Walker fails to specify which defendants Counts I–V are brought against. In his response to CrossCountry and Nationstar's motions, he states that those Defendants recycled legal arguments, authorities, and even copied paragraphs word for word. (Doc. 12 at 2). This is because Mr. Walker did not specify which claims apply to which Defendants. Put simply, Mr. Walker failed to identify which defendant is responsible for the conduct therein. Defendants therefore cannot determine which claims they must respond to because Mr. Walker has failed to allege such. Bound by clear Eleventh Circuit precedent, the Court finds that Mr. Walker's Complaint constitutes a shotgun pleading because Defendants in this case are not sufficiently on notice as to who needs to answer Counts I–V.

Accordingly, the Court **STRIKES** the Complaint (Doc. 1). *See Jackson*, 898 F.3d at 1357–58 (noting that the district court should strike a shotgun pleading) (citation omitted).

## II.     Mr. Walker has not pleaded standing.

That said, the Court is also concerned that Mr. Walker has not pleaded standing in this case. Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of "Cases" and "Controversies." U.S. Const art. III § 2. "[F]irst and foremost, there must be alleged . . . an injury in fact—a harm suffered by the plaintiff that is concrete and actual or imminent, not conjectural or

7

hypothetical." *Parker v. Scrap Metal Processors, Inc.*, 386 F.3d 993, 1003 (11th Cir. 2004) (citation omitted). "An interest unrelated to injury in fact is insufficient to give a plaintiff standing." *Vt. Agency of Nat. Res. v. United States ex rel. Stevens,* 529 U.S. 765, 772 (2000). "[T]he party invoking federal jurisdiction bears the burden of establishing its existence." *Parker,* 386 F.3d at 1003 (citation omitted). "[A] plaintiff without an injury in fact lacks Article III standing, and the federal courts do not have jurisdiction over his or her complaint." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).

Here, the core of Mr. Walker's Complaint attempts to challenge the validity of the mortgage, note, and assignment recorded against the property. (Doc. 1). But he has not demonstrated that he has standing to challenge the note or the assignment of the mortgage. Mr. Walker does not have standing to raise a challenge to the validity of a mortgage assignment if he is not a party to such transfer. *Howell v. PHH Mortg. Corp.*, No. 6:15-CV-883, 2015 WL 5829673, at *3 (M.D. Fla. Oct. 1, 2015) ("Plaintiffs do not have standing to raise a challenge to the validity of the assignments because Plaintiffs were not parties to those transfers."); *Altier v. Fed. Nat'l Mortg. Ass'n*, No. 1:13–CV–164, 2013 WL 6388521, at *3 (N.D. Fla. 2013) (same); *Coursen v. JP Morgan Chase & Co.*, No. 8:12–CV–690, 2013 WL 5437341, at *11 (M.D. Fla. 2013) ("[U]nder Florida law [the plaintiff] as a non-party to the assignment lacks standing to contest it.") *aff'd sub nom. Coursen v. Shapiro & Fishman, GP*, 588 F. Appx. 882 (11th Cir. 2014). Mr. Walker failed to demonstrate that he was a party to the assignment. Moreover, he also admits that he did not

8

sign the note or receive any consideration for it.  (Doc. 1 at 2).  Therefore, because he is not a party to either the note or assignment, the Court is not convinced that it has standing to consider Mr. Walker's challenge to the note and assignment.[2] [3]

(*rest of page intentionally left blank*)

---

[2] The Court also denies Mr. Walker's request to stay the state court foreclosure proceedings. *See In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1249–50 (11th Cir. 2006) (quoting 28 U.S.C. § 2283) ("The Anti-Injunction Act directs that a court of the United States may not grant an injunction to stay proceedings in a state court except: (1) 'as expressly authorized by Act of Congress'; (2) 'where necessary in aid of its jurisdiction'; or (3) 'to protect or effectuate its judgments.'").  Indeed, "proceedings in state court should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately the United States Supreme Court." *Id.*  at 1250 (citation modified). The Court cautions Mr. Walker that the injunctive relief he sought in his Complaint (Doc. 1) may be more appropriately addressed by filing motions in the state court foreclosure case that he mentions.

[3] The Court declines to address Defendants' other arguments because Mr. Walker's Complaint is a shotgun pleading and he has not properly alleged standing as to the core of his claims.

9

## CONCLUSION

For the reasons stated above, the Court finds that Defendants' Motions to Dismiss (Docs. 8, 9, & 15) are due to be **GRANTED**. The Clerk of Court is **DIRECTED** to **STRIKE** the Complaint (Doc. 1). Mr. Walker may file an amended Complaint within thirty (30) days of the date of this Order that corrects the deficiencies identified. Mr. Walker may not assert any new claims other than to correct the ones he has already brought. Failure to file an amended Complaint within the required time will result in this case being dismissed without further notice.

**DONE** and **ORDERED** in Tampa, Florida, on February 9, 2026.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE