Travis W. Walker
1767 Lakewood Ranch Blvd PMB 161
Bradenton, FL 34211
twdirect@gmail.com
pro se

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

### TAMPA DIVISION

| | |
|---|---|
| Travis W. Walker | ) Case No.: 8:25-cv-1488-JLB-CPT |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| *CROSSCOUNTRY MORTGAGE LLC,* | ) |
| *MORTGAGE ELECTRONIC REGISTRATION* | ) |
| *SYSTEMS, INC. ("MERS"), and* | ) **PLAINTIFF'S AMENDED** |
| *NATIONSTAR MORTGAGE LLC d/b/a MR.* | ) **COMPLAINT** |
| *COOPER* | ) |
| | ) |
| Defendants | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) **REQUEST IN EQUITY AND DEMAND** |
| | ) **FOR JURY TRIAL** |
| | ) |

## PLAINTIFF'S AMENDED COMPLAINT

Plaintiff, Travis W. Walker ("Plaintiff"), proceeding pro se, alleges:

### I.   JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the Property at issue is located in Manatee County, Florida and the acts complained of occurred in this District.

## II.  PARTIES

3. Plaintiff Travis W. Walker is a Florida resident and the sole legal and equitable owner of the real property located at 3506 162nd Ave E, Parrish, Florida ("Property").

4. By Final Judgment of Dissolution of Marriage entered by the Circuit Court of Manatee County, Florida on or about the 11th of July 2025, Plaintiff was awarded exclusive ownership and possession of the Property.

5. Defendant CrossCountry Mortgage, LLC ("CrossCountry") is a Delaware limited liability company doing business in Florida with primary principal place of business in Cleveland, Ohio.

6. Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") is a Delaware corporation with a principal address in Virginia.

7. Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar") is a Delaware limited liability company with its principal place of business in Texas.

## III.  FACTUAL BACKGROUND

### A. The Note and Mortgage

8. On or about December 1, 2021, a Promissory Note ("Note") and Mortgage were executed concerning the Property.

9. Heather O'Brien Walker is the only individual who signed the Note.

10. Plaintiff did not execute the Note and is not an obligor thereunder.

11. Plaintiff executed only the Mortgage encumbering the Property.

### B. Borrower Identification Defect

12. The body of the original Note identifies only "Borrower" and does not expressly name Heather O'Brien Walker within the text of the instrument.

13. The signature page contains her name but does not designate her capacity as Borrower.

14. Thereafter, Defendants produced a separate typed and undated allonge stating "Borrower name: Heather O'Brien Walker."

15. The allonge is not signed or initialed by the alleged borrower.

16. The timing and authenticity of the allonge are unknown and create a factual dispute regarding whether the Note properly identified an obligor at inception.

**C. Alleged Transfer and Conflicting Ownership Claims**

17. Publicly available Freddie Mac loan-level reporting and forensic audit findings indicate the subject loan was transferred into the Freddie Mac Multiclass Certificates, Series 5188 Trust with a reported closing date of January 31, 2022.

18. The Trust has continued to report the loan as an asset.

19. Despite this reporting, CrossCountry asserts it is the present holder and owner of the Note and entitled to enforce it.

20. These conflicting ownership assertions create uncertainty regarding the true holder and party entitled to enforce the Note.

**D. Assignment of Mortgage**

21. On or about July 8, 2024, an Assignment of Mortgage was executed purporting to transfer the Mortgage from MERS, as nominee, to CrossCountry.

22. The Assignment was signed by an individual employed by Nationstar who executed the document while purporting to act as an officer of MERS.

23. Upon information and belief, said individual was not an employee of MERS and lacked independent corporate authorization from MERS to execute assignments in its name.

24. The Assignment is being relied upon by CrossCountry as part of its asserted authority to enforce the Mortgage.

**E. Injury to Plaintiff**

25. Defendants seek to foreclose upon Plaintiff's sole-owned Property based upon an alleged default of the Note.

26. Plaintiff did not execute the Note.

27. The enforceability of the Note is disputed due to borrower identification defects and conflicting ownership claims.

28. Plaintiff's title to the Property has been clouded.

29. Plaintiff faces loss of real property and has suffered damages including legal expense and impairment of property rights.

**COUNT I**

**DECLARATORY JUDGMENT**

(Against CrossCountry and Nationstar)

30. Plaintiff realleges paragraphs 1–29.

31. An actual controversy exists regarding whether Defendants possessed lawful standing to enforce the Note at the time foreclosure proceedings were initiated.

32. Enforcement of the Mortgage depends upon the existence of a valid and enforceable Note.

33. Plaintiff seeks a declaration determining:

AMENDED COMPLAINT

a. Whether Defendants possessed lawful standing to enforce the Note;

b. Whether the Mortgage may be enforced absent proof of a valid and enforceable Note; and

c. The respective rights of the parties concerning the Property.

**COUNT II**

**QUIET TITLE**

(Against All Defendants)

34. Plaintiff realleges paragraphs 1–29.

35. Defendants assert adverse claims to Plaintiff's Property through the Mortgage and Assignment.

36. Conflicting ownership assertions and disputed authority create a present cloud on title.

37. Plaintiff seeks judicial determination of the validity and enforceability of the Mortgage lien against his Property.

**COUNT III**

**CANCELLATION OF MORTGAGE AND ASSIGNMENT**

(Against MERS and Nationstar)

38. Plaintiff realleges paragraphs 1–29.

39. The Assignment was executed by an individual whose authority to act for MERS is disputed.

40. The enforceability of the Note underlying the Mortgage is disputed.

41. Plaintiff seeks cancellation of the Assignment and Mortgage to the extent they are determined unenforceable against his Property.

**COUNT IV**

**FRAUDULENT ASSIGNMENT**

(Against Nationstar and MERS)

42. Plaintiff realleges paragraphs 1–29.

43. The July 8, 2024 Assignment represents that the signatory possessed authority to act on behalf of MERS.

44. Upon information and belief, the signatory was employed by Nationstar and not MERS.

45. The representation of authority was material because it forms the basis for CrossCountry's asserted enforcement rights.

46. Plaintiff has been prejudiced because the Assignment is relied upon in connection with foreclosure proceedings against his Property.

**COUNT V**

**INJUNCTIVE RELIEF**

(Against CrossCountry and Nationstar)

47. Plaintiff realleges paragraphs 1–29.

48. Defendants assert authority to enforce the Mortgage despite unresolved factual disputes concerning ownership and standing.

49. Plaintiff faces irreparable harm in the form of loss of real property.

50. Plaintiff seeks narrowly tailored injunctive relief preventing enforcement of the Mortgage against the Property unless and until Defendants establish lawful standing to enforce the Note.

**IV.  PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests:

AMENDED COMPLAINT

A. Declaratory judgment as set forth above;

B. Quiet title relief;

C. Cancellation of instruments to the extent unenforceable;

D. Injunctive relief;

E. Compensatory damages in an amount to be proven at trial;

F. Costs and such further relief as the Court deems just and proper.


Respectfully submitted,


By: _/s/ Travis Walker_

Travis W. Walker
1767 Lakewood Ranch Blvd PMB 16
Bradenton, FL 34211
(941) 999-1289
twdirect@gmail.com
pro se

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing PLAINTIFF'S DISCLOSURE STATEMENT has been served upon the Defendant by certified mail, return receipt requested, and/or by electronic filing where applicable, in accordance with the Federal Rules of Civil Procedure including:

*ROBERTSON, ANSCHUTZ, SCHNEID, CRANE*
*& PARTNERS, PLLC*
*Attorney for Plaintiff*
*6409 Congress Ave., Suite 100*
*Boca Raton, FL 33487*
*Telephone: 561-241-6901*
*Facsimile: 561-997-6909*
*Service Email: flmail@raslg.com*

*Counsel of record for all Defendants*

By: /s/ Travis Walker

Travis W. Walker
1767 Lakewood Ranch Blvd PMB 16
Bradenton, FL 34211
(941) 999-1289
twdirect@gmail.com
pro se

**Extreme!**



Scan QR code to schedule a pickup

Visit UPS.com

Apply shipping documents on this side.

This envelope is for use with the following services:

UPS Next Day Air®
UPS Worldwide Express®

**Domestic Shipments**
• To qualify for the letter rate, U correspondence, urgent docu 8 oz. or less, UPS Express enve or weighing more than 8oz. w

**International Shipments**
• The UPS Express envelope ma value. Certain countries consic ups.com/import/export to veri

• To qualify for the letter rate, th UPS Express envelopes weigh

**Note:** UPS Express envelopes a electronic media containing sen **Do not send cash or cash equiv**

TRAVIS WALKER
9419991289
1767 LAKEWOOD RANCH BLVD PMB 1
BRADENTON FL 34211

**1.0 LBS LTR**        **1 OF 1**

SHIP TO:
CLERK
8133015400
US DISTRICT COURT, OFFICE OF CLERK
801 NORTH FLORIDA AVENUE
**TAMPA FL 33602**

**FL 336 9-03**



**UPS NEXT DAY AIR SAVER**        **1P**
TRACKING #: 1Z T94 6LN 13 3990 6849



BILLING: P/P

Reference #1: AMD/1488

XOL 26.02.13    NV45 10.0A 03/2026*

The UPS Store RFID Label

Tracking #

1ZT946LN133990 6849

2

International Shipping Notice — by the Convention for the Unification of Certain Rules Relating to International Carriage by Air (the "Warsaw Convention") and/or the Convention on the Contract for the International Carriage of Goods by Road (the "CMR Convention"). These commodities, technology or software were exported from the U.S. in accordance with the Export Administration Regulations. Diversion contrary to U.S. law prohibited.

personal information, please see the UPS Privacy Notice at www.ups.com
om the sale of
010195103  5/21  PAC  United Parcel Service



# Express

US DISTRICT COURT, OFFICE OF CL
801 N FLORIDA AVE
TAMPA FL 33602

F:YELLOW:338      I:OUT

238-5000

1Z794GLN1339B0 6849    2330
SA1D846 XLE 01-1 Mar 05 07:31:09 2026
US 338I UDC ZB 9 SAYLOR



