**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CASE NO. 8:25-CV-01488-KKM-CPT**

TRAVIS W. WALKER,

      Plaintiff,

vs.

CROSSCOUNTRY     MORTGAGE,
LLC, MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.
("MERS"),    and    NATIONSTAR
MORTGAGE LLC d/b/a MR COOPER,

      Defendants.

_____/

**DEFENDANT NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER'S**
**MOTION TO DISMISS AMENDED COMPLAINT AND TO STRIKE**
**JURY TRIAL DEMAND AND INCORPORATED MEMORANDUM OF LAW**

Defendant, Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar"), by and through

undersigned counsel and pursuant to Fed.R.Civ.P. 12(b)(6) and M.D. Fla. Local Rule 3.01, hereby

moves this Court to dismiss the Amended Complaint filed by Plaintiff, Travis W. Walker, due to

procedural deficiencies and for a failure to state a claim upon which relief can be granted and to

Strike the Jury Trial Demand, and states:

**INTRODUCTION**

Plaintiff files his Amended Complaint pursuant to an Order of this Court dated February

9, 2026 [DE 52] wherein the Court struck the original Complaint as a "shotgun pleading."  The

Amended Complaint fares no better as it still does not sufficiently identify what specific actions

were taken by each of the named parties giving rise to the alleged liability. It also fails to set forth

25-322785 - VaS

any detailed factual allegations supporting any of the claims made against Nationstar. Plaintiff asserts his claims against Nationstar in Count I for Declaratory Judgment, Count II for Quiet Title, Count III for Cancellation of Mortgage and Assignment, Count IV for Fraudulent Assignment and Count V for Injunctive Relief. As to these Counts, Plaintiff has failed to cure the other pleading deficiencies raised in the Court's Order, including but not limited to, the fact that none of the Counts establish the required elements for the stated causes of actions or state sufficient facts in support. Furthermore, there is no causal connection between the allegations made in the Amended Complaint and Nationstar because Nationstar is not party to any of the loan documents and merely subservices the loan on behalf of CrossCountry. Therefore, the Court should dismiss the Amended Complaint with prejudice as to Nationstar as any further proposed amendment would be futile.

## MOTION TO DISMISS STANDARD

"Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.' Fed. R. Civ. P. 8(a)(2). This obligation 'requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.' To survive dismissal, the factual allegations must be 'plausible' and 'must be enough to raise a right to relief above the speculative level.'" *American Dream Builders of Southwest Florida, Inc., a Florida corporation v. Yiachos*, No. 2:25-CV-00818-JES-DNF, 2026 WL 653732, at *1 (M.D. Fla. Mar. 9, 2026) (internal citation omitted). In short, the plaintiff must allege a claim that is "plausible on its face," and goes beyond the mere "…unadorned, the defendant-unlawfully-harmed-me accusation." See *Thompson v. City of Miami Beach, Fla.,* 990 S.Supp.2d 1335, 1339 (S.D. Fla. 2014) (internal quotation marks and citations omitted).

25-322785 - VaS

PAGE 2

While the standard on a Rule 12(b)(6) motion provides that all allegations of the Complaint must be taken as true, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, under this Rule, "[d]ismissal is appropriate where it is clear the plaintiff can prove no set of facts in support of the claims in the complaint. Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action. *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal citations and quotations omitted); *McCroden v. Cnty. of Volusia*, 2015 WL 12990206, at *2 (M.D. Fla. 2015) ("Dismissal of an action is appropriate "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.") (quoting *Iqbal*, 556 U.S. at 679).

In the Amended Complaint, the Plaintiff was required to "make factual allegations that 'raise a right to relief above the speculative level,' and cross "the line from conceivable to plausible." *Persaud v. Bank of New York Mellon*, 2025 WL 3545620, at *1 (M.D. Fla. Nov. 13, 2025), *report and recommendation adopted,* 2025 WL 3540783 (M.D. Fla. Dec. 10, 2025) quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Iqbal,* 556 U.S. at 680. "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1262 (11th Cir. 2004) quoting *Oxford Asset Mgmt., Ltd. v. Jaharis,* 297 F.3d 1182, 1188 (11th Cir.2002). Plaintiff's Amended Complaint must be dismissed as it fails to meet this standard in that it consists

25-322785 - VaS

of conclusory statements, lacks sufficient factual allegations, fails to make a sufficient connection between Nationstar and the allegations, and fails to state a cause of action.

**LEGAL ARGUMENT**

## I. The Amended Complaint still violates Fed.R.Civ.P. 8

All of the Counts of the Amended Complaint asserted against Nationstar fail to comply with Federal Rule of Civil Procedure 8, which requires that the Complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "Despite Rule 8(a)'s liberal pleading requirement, 'a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action.'" *Gibbs v. United States*, 865 F. Supp. 2d 1127, 1151 (M.D. Fla. 2012), *aff'd,* 517 Fed. Appx. 664 (11th Cir. 2013). There are no direct or inferential allegations in the Amended Complaint establishing any liability as to Nationstar, who is merely a subservicer for the subject loan. "Pro se parties are still required to comply with minimum pleading standards set forth in the Federal Rules of Civil Procedure and this District's Local Rules." *Dorta v. Wilmington Tr. Nat. Ass'n*, 2014 WL 1152917, at *3 (M.D. Fla. Mar. 24, 2014).

When there are multiple defendants, as there are here, "the complaint should contain specific allegations with respect to each defendant; generalized allegations 'lumping' multiple defendants together are insufficient to permit the defendants, or the court, to ascertain exactly what

25-322785 - VaS

plaintiff is claiming." *Id*.  See also *W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*, 287 Fed. Appx. 81, 86 (11th Cir. 2008) (*accord*). Plaintiff still lumps all of the Defendants to together (albeit less than in the original Complaint) in violation of the Rule. For example, in paragraph 14, Plaintiff alleges that the "Defendants produced a separate typed and undated allonge…"  The allonge on the Note is signed by a representative of CrossCountry Mortgage, LLC ("CrossCountry"); it is not signed by either Nationstar or Mortgage Electronic Registration Systems, Inc. ("MERS"). Paragraph 25 provides that "Defendants seek to foreclose upon Plaintiff's sole-owned Property….", but the foreclosure action was only filed in the name of CrossCountry.   In Count I, Plaintiff alleges that a controversy exists "whether Defendants possessed lawful standing to enforce the Note." The only party seeking to enforce the Note is CrossCountry, not all the Defendants. Similarly, in Count II, asserted against "All Defendants," Plaintiff alleges generally that "Defendants assert adverse claims to Plaintiff's Property through the Mortgage and Assignment," but fails to identify each claim made by each specific party. Importantly, Nationstar is neither a party to the Mortgage nor the Assignment. Therefore, the Amended Complaint still violates Rule 8 and must be dismissed.

## II.  Plaintiff has failed to sufficiently plead his standing to maintain this action.

In its Order striking the Complaint, the Court found that Plaintiff had failed to properly establish his standing.  "Article III standing is a 'bedrock constitutional requirement,' and it is Plaintiffs' burden to establish standing[.]" *Penguin Random House LLC v. Gibson*, 796 F. Supp. 3d 1052, 1063 (M.D. Fla. 2025) (internal citation omitted).  To establish standing, a plaintiff must show "(1) an injury in fact; (2) a causal connection between the injury and the alleged misconduct; and (3) a likelihood that the injury will be redressed by a favorable decision." *L.M.P. on behalf of*

25-322785 - VaS

*E.P. v. Sch. Bd. of Broward Cty.*, Fla., 879 F.3d 1274, 1281 (11th Cir. 2018). Plaintiff has once again failed to assert an injury in fact or any causal relationship.

In subsection E of the Amended Complaint, Plaintiff generally alleges that he suffered injury because he did not execute the Note. Nationstar does not contest that Plaintiff did not sign the Note. However, this does not relieve him of liability under the Mortgage, which he admits signing. Because Plaintiff did not sign the Note, the foreclosure action against him would only be *in rem*; CrossCountry, as the holder of the Note, would not be seeking any personal liability against Plaintiff. By signing the Mortgage, he agreed to pledge the Property as security for payment of the Note. In that same vein, Plaintiff cannot contest or dispute the enforceability of the Note based on the indorsement as a non-party to the indorsement. See e.g. *Green Emerald Homes, LLC v. 21st Mortg. Corp.*, 300 So. 3d 698, 706 (Fla. 2d DCA 2019) (noting the "hornbook contract law rule that a person who is neither a party to nor an intended third-party beneficiary of a contract has no rights under the contract to enforce").

Therefore, Plaintiff cannot show that there is any injury in fact. Lastly, Plaintiff asserts he might lose the real property and has suffered legal expense. Plaintiff is not a Florida Bar licensed attorney and has not retained counsel in this matter. Moreover, he signed the loan documents and was, or should have been, aware of the consequences of a default. Florida adheres to the principle that a "party has a duty to learn and know the contents of a proposed contract before he signs" it. *Mfrs.' Leasing, Ltd. v. Fla. Dev. & Attractions, Inc.,* 330 So.2d 171, 172 (Fla. 4th DCA 1976). Therefore "[o]ne who signs a contract is presumed to know its contents." *Addison v. Carballosa,* 48 So.3d 951, 954 (Fla. 3d DCA 2010). Nowhere does Plaintiff allege that there was

25-322785 - VaS

no default under the loan documents.  The remedy of foreclosure for a default is unequivocally set forth in the Mortgage signed by the Plaintiff.

As noted by the Court in its Order striking the Complaint, Plaintiff has no standing to contest the validity of the indorsement on the Note and Assignment because he is not a party to either contract.  Moreover, he has admitted to signing the Mortgage and is bound by its terms. Nationstar is not a party to the Note, Mortgage or the Assignment of Mortgage and merely subservices the loan on behalf of CrossCountry. Thus, there is no causal connection between the purported actions by Nationstar and any injury in fact and Plaintiff has failed to show his standing to bring this action.  Thus, the Amended Complaint should be dismissed with prejudice on these grounds alone.

**III.   Each Count of the Amended Complaint fails to state a cause of action against Nationstar**

**A. Count I for Declaratory Relief fails to state a cause of action because there is no present controversy regarding the validity and enforceability of CrossCountry's Mortgage lien and Nationstar is not a party to the loan documents.**

Plaintiff brings a claim for declaratory relief under 28 U.S.C. § 2201 requesting a declaration regarding the enforceability of the Mortgage and related Assignment. When a party is seeking declaratory relief, it must show that "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Medimmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127, 127 S. Ct. 764, 771 (2006). "Consistent with the 'cases' and 'controversies' requirement of Article III, the Declaratory Judgment Act, 28 U.S.C. § 2201, specifically provides that a declaratory judgment may be issued only in the case of an 'actual

25-322785 - VaS

controversy'. *Malowney v. Fed. Collection Deposit Group*, 193 F.3d 1342, 1347 (11th Cir. 1999). "For a justiciable controversy to exist, there must be a substantial, 'definite and concrete' dispute 'touching the legal relations of parties having adverse legal interests.' The controversy cannot be 'conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury.'" *Donovan v. Rivadeneira*, 557 F. Supp. 3d 1236, 1243 (S.D. Fla. 2021). Plaintiff has failed to sufficiently allege that there is a case or controversy regarding the enforceability of the Note and Mortgage or how Nationstar, who is acting solely in the capacity of a subservicer, has a sufficient interest in the Note or Mortgage to subject it to a claim for declaratory relief.

1. **Mortgage/Note**

In paragraph 33a of Count I, Plaintiff asks this Court to declare "[w]hether Defendants possessed lawful standing to enforce the Note[.]" Count I is brought against both Nationstar and CrossCountry, but the foreclosure Complaint was only brought by CrossCountry. Nationstar is not seeking to enforce the Note. The request for declaratory relief in the Amended Complaint fails as a matter of law because the allegations are insufficient to establish a controversy between the Plaintiff and Nationstar that would entitle Plaintiff to a declaration as to the enforceability of the Note and Mortgage held by CrossCountry. Plaintiff admits in the Amended Complaint that on December 1, 2021, Heather Walker executed a Promissory Note in favor of CrossCountry Mortgage, LLC and on that same date, Plaintiff, Travis W. Walker and Heather Walker, as husband and wife, executed a Mortgage securing payment of the Note, again, to CrossCountry.

A review of the Note and Mortgage together conclusively establish who the "Borrowers" are – both Plaintiff and Heather Walker. CrossCountry is the originating lender on the Note and

25-322785 - VaS

the Note contains a blank indorsement. *Summerlin Asset Mgmt. v Tr. v. Jackson*, 2015 WL 4065372, at *2 (S.D. Fla. July 2, 2015) ("Although Plaintiff has set forth a valid chain of assignments, the negotiation of the blank-indorsed note by transfer of possession *alone* makes Plaintiff the 'holder' of the note entitled to enforce it."). Nowhere in the Note or Mortgage is Nationstar a named party. As stated herein, Plaintiff has no standing to contest the indorsement on the Note since he was not a party to that indorsement. See *Christiana Trust v. Lofgren*, 2022 WL 6186295 (Fla. Cir. Ct. 2022) (Trial Order) ("An indorsement on a promissory note is a separate contract from the note, and is between the indorser and indorsee." Because the Defendant is not a party to this contract, he "lacks standing to challenge the indorsement.") citing *Green Emerald Homes, LLC v. 21st Mortg. Corp.*, 300 So. 3d 698, 706 (Fla. 2d DCA 2019). Thus, even if there was an issue with the blank indorsement, CrossCountry, as the originating lender, would still have the right to enforce the Note.

Moreover, Plaintiff has failed to assert a single fact that would overcome CrossCountry's presumption of standing, which arises from the fact that CrossCountry originated the loan and the Note attached to the foreclosure complaint contains a blank indorsement from CrossCountry. *Ortiz v. PNC Bank, Nat'l Ass'n*, 188 So.3d 923, 925 (Fla. 4th DCA 2016) (possession of original note indorsed in blank at time suit is filed establishes standing); *Hudson v. Data Mortgage, Inc.*, 2025 WL 2841183 (M.D. Fla. 2025) (count for declaratory relief to determine enforceability of the note dismissed as an "impermissible shotgun pleading."). Plaintiff's allegations are speculative and conclusory and are legally insufficient to support a claim for declaratory relief. Plaintiff also fails to specifically allege how Nationstar is subject to liability when Nationstar is not the party seeking to enforce the Note.

25-322785 - VaS

Even if the Assignment of Mortgage was invalid, which Nationstar denies, this would not affect CrossCountry's standing to bring the foreclosure action. The subject Mortgage (which Plaintiff has not alleged is void or fraudulent) encumbered the Property, thus giving CrossCountry the right to seek in rem relief against Plaintiff. "Pursuant to the 2014 amendments to Florida Rule of Civil Procedure 1.110 and Form 1.994 and the enactment of § 702.015(2)(a), Florida Statutes, an allegation that Plaintiff is holder of the Note is sufficient for purposes of alleging standing to foreclose." *U.S. Bank Nat. Ass'n v. Degen*, 2016 WL 4249466, at *2 (Fla. Cir. Ct. July 14, 2016) (internal citation omitted).

Thus, Plaintiff's Amended Complaint fails to establish a bona fide, actual, present practical need for a declaration as to the enforceability of the Mortgage since there is no true controversy as to a state of facts that would entitle Plaintiff to the relief sought and Nationstar is not seeking to enforce the loan. Plaintiff admits signing the Mortgage, the validity of the Assignment of Mortgage has no impact on the enforceability of the Note and the Note contains a blank indorsement. Plaintiff has failed to allege any facts that support his claim that CrossCountry does not have standing. As a result, not only is the Mortgage enforceable, there is no present controversy as to CrossCountry's right to enforce the Note. Lastly, Nationstar is not a party to the Note and Mortgage, is not seeking to enforce the Note, and is acting merely as a subservicer for CrossCountry, the holder of the Note.

**B. Count II for Quiet Title fails to state a cause of action against Nationstar.**

"Under Florida law, in order to state a claim for quiet title, a plaintiff must establish (1) the plaintiff's valid title; (2) the manner which the plaintiff obtained the title; (3) the basis upon which the defendant asserts an interest on the title; and (4) the invalidity of the defendant's interest in the

25-322785 - VaS

property." *Tippett v. Wells Fargo Bank, N.A.*, 2021 WL 3195829, at *6 (M.D. Fla. June 4, 2021), *report and recommendation adopted,* 5:20-CV-342-BJD-PRL, 2021 WL 8201480 (M.D. Fla. Sept. 24, 2021) (emphasis added). The Plaintiff "must not only allege plausible facts showing title to the land at issue, but also plausible facts showing that a cloud on that title exits.  Not only must the matter which constitutes the alleged cloud be shown, but facts must be alleged which give the claim apparent validity as well as those which show its invalidity." *Kaan v. Wells Fargo Bank, N.A.*, 981 F. Supp.2d 1271, 1273 (S.D. Fla. 2013). A complaint that relies on "labels and conclusions or a formulaic recitation of the elements of a cause of action" is not sufficient to state a claim for relief. *Iqbal*, 556 U.S. at 678.

Nationstar does not hold legal title to the Note or Mortgage. It has no interest in the Note or Mortgage other than being a subservicer for the holder of the Note, CrossCountry; it is not a named party in the Note, Mortgage or the Assignment of Mortgage and it has no title interest in the property. As a result, because Nationstar does not hold the legal title it not a proper party in a quiet title action.  Thus, there is no conflict with Nationstar and the records unequivocally establish that CrossCountry was the party with the right to seek to enforce the loan. As a result, Plaintiff cannot satisfy the elements required for a quiet title action against Nationstar, specifically, subsections (3) and (4) – (3) the basis upon which the defendant asserts an interest on the title; and (4) the invalidity of the defendant's interest in the property. See e.g. *White-Lett v. NewRez, Inc.*, 661 B.R. 63, 98 (N.D. Ga. 2024), *appeal dismissed sub nom. In re White - Lett*, No. 24-11736, 2024 WL 4665422 (11th Cir. Nov. 4, 2024) ("if MERS and MERSCorp do not **presently** claim any rights or interests in the Security Deeds or the Residential Property, Appellant cannot state justiciable claims against them.") (Emphasis added); *Kaan v. Wells Fargo Bank,N.A.,* 981

F.Supp.2d 1217, 1274-75 (S.D. Fla. 2013) (quiet title complaint against MERS dismissed because MERS, who signed the MERS "in its nominal capacity only" assigned its interest and had no claim to the property).  On this ground alone, Count II for Quiet Title should be dismissed with prejudice as to Nationstar since there is no amendment that would cure this fatal defect. "[D]istrict courts need not permit amendment where it would be futile to do so." *Harriott v. J.P Morgan Chase*, 2013 WL 12383299, at *3 (S.D. Fla. July 16, 2013).

Furthermore, Plaintiff admits in the Amended Complaint that he is the owner of the real property located at 3506 162nd Ave. E., Parrish, Florida 34219 (the "Property") (Amended Complaint, ¶ 3). Plaintiff further admits that on December 1, 2021, a Note and Mortgage were executed concerning the Property and the lender was CrossCountry. (Amended Complaint, ¶ 8). What is noticeably absent from the Amended Complaint is any allegation that the Mortgage is somehow invalid or fraudulent or that the loan was satisfied. "It has consistently been held that, where a plaintiff has defaulted on a loan, the plaintiff cannot maintain an action to quiet title and cancel her security deed without first paying or tendering the amount due on the loan." *Jones v. Midland Mortgage Corp.*, 2018 WL 4850124, at *3 (N.D. Ga. Aug. 24, 2018). Next, Plaintiff contends that "title to the property has been clouded."  Plaintiff admits signing the Mortgage. Nationstar takes the position, which is well supported by the applicable law, that the Mortgage is a lien on the property and not an **improper** cloud on title. See e.g. *Armstrong v. U.S. Bank Nat'l Ass'n*, 729 F. Supp. 3d 1291, 1303 (M.D. Fla. 2024) ("if U.S. Bank has a valid lien, Plaintiffs are not entitled to quiet title."); *Rodriguez v. Bank of Am., N.A.*, 49 F. Supp. 3d 1154, 1159 (S.D. Fla. 2014) ("Since the mortgage on Plaintiff's title constitutes a valid lien that" has not reached its maturity date, "Plaintiff's claim to quiet title fails.").

25-322785 - VaS

Even if arguably CrossCountry Mortgage, LLC was not the holder of the Note (which Nationstar denies), the Mortgage would still remain a valid lien on the Property. Conflicting ownership assertions do not invalidate the Mortgage; rather, they would go solely to a party's right to enforce the Mortgage. As a result, Plaintiff cannot establish the required element that the Mortgage is an "improper cloud" on title to the property.   See *Altier v. Fed. Nat. Mortg. Ass'n*, No. 1:13-CV-164-MW/GRJ, 2013 WL 6388521, at \*4 (N.D. Fla. Dec. 6, 2013) ("even assuming there were deficiencies in the Assignment (which there were not) these deficiencies would not void Plaintiffs' obligations under the Note and the Mortgage and thus would not create a cloud on title."). "A plaintiff seeking to quiet title to property or remove a cloud on property must show with ***clearness, accuracy, and certainty*** the validity of his or her title and the ***invalidity of the title of the opposing party***."   *Rhodes v. JPMorgan Chase Bank, N.A.*, 2012 WL 5411062, \*4 (S.D. Fla. Nov. 6, 2012) (emphasis added);  *Atlantic Beach Imp. Corp. v. Hall*, 143 Fla. 778, 783 (Fla. 1940) ("[I]t is further required that he who comes into equity to get rid of an apparent legal title as a cloud upon his own must show clearly the validity of his own title and the invalidity of his opponent's. Equity will not act in such cases in the event of a doubtful title."). Since Plaintiff has not alleged satisfaction or release of the subject lien, that the Mortgage itself is invalid, and the fact that CrossCountry holds a blank indorsed Note making the Assignment irrelevant to its standing to enforce the Note and Mortgage, the lien remains a valid lien on the property and does not create an improper cloud on title.

On point is the case *Hoppe v. Mortgage Electronic Registration Systems, Inc.*, 2018 WL 1278204 (W.D.N.C. 2018), wherein the plaintiff sought to quiet title to his property arguing, in part, that the assignment of the deed of the trust was unlawfully clouding title to the property. In

25-322785 - VaS

finding that the plaintiff's claim to quiet title had no legal basis, the court determined that the plaintiff's allegations that the assignment was unlawful was not supported by any facts in the complaint. *Id.* at *3 ("Plaintiff points to no facts demonstrating the formation of the Deed of Trust or its Assignment was unlawful. Moreover, Plaintiff alleges no other grounds supporting a claim to quiet title. The Court sees no wrong in the events surrounding the Assignment, as alleged, and thus finds no legal basis for Plaintiff's claim to quiet title."). The same holds true in this case. Plaintiff cannot establish that the Assignment was unlawful. CrossCountry is the originating lender and holder of the blank indorsed Note and is the current mortgagee due to MERS's assignment; thus, its lien is valid and superior to Plaintiff's interest. Plaintiff has failed to allege sufficient facts supporting a fraud in the Assignment - the allegations of the Complaint are legal conclusions without any supporting facts and cannot support a quiet title claim against Nationstar.

Lastly, because Plaintiff has no standing to challenge the Assignment because he is not a party to that agreement, it cannot serve as a basis for the quiet title action. *Rhodes,* 2012 WL 5411062, at *4; *MSP Recovery Claims, Series LLC v. QBE Holdings, Inc.*, 965 F.3d 1210, 1218 (11th Cir. 2020) ("An assignment is "a contract between the assignor and the assignee."). See argument in Section C below with regard to Plaintiff's lack of standing.

**C. In Count III, Plaintiff has not asserted any legal grounds for cancellation of the Mortgage or Assignment.**

In Count III, Plaintiff claims, without sufficient supporting facts that the recorded Mortgage and Assignment of Mortgage are "disputed" and should be canceled. This warrants dismissal of Count III. *Zendejas v. GMAC Wholesale Mortg. Corp.*, 2010 WL 2629899, at *7 (E.D. Cal. June 29, 2010) (count for cancellation of instrument dismissed where plaintiff failed to show any valid reason why the instruments were void or voidable or that he would be injured or

25-322785 - VaS

prejudiced if the instrument was not canceled). "[A] plaintiff may not use equity to obtain the cancellation of a security deed or promissory note if the plaintiff has not paid the note or tendered payment of the note." *Gichege v. Mortgage Elec. Registration Services, Inc.*, 2012 WL 13009242, at *9 (N.D. Ga. Jan. 30, 2012).

> In asserting this Count, Plaintiff shows his misunderstanding of MERS.
>
> MERS is a private electronic database, operated by MERSCORP, Inc., that tracks the transfer of the 'beneficial interest' in home loans, as well as any changes in loan servicers. After a borrower takes out a home loan, the original lender may sell all or a portion of its beneficial interest in the loan and change loan servicers. The owner of the beneficial interest is entitled to repayment of the loan. … MERS is not involved in originating the loan, does not have any right to payments on the loan, and does not service the loan. MERS relies on its members to have someone on their own staff become a MERS officer with the authority to sign documents on behalf of MERS. As a result, most of the actions taken in MERS's own name are carried out by staff at the companies that sell and buy the beneficial interest in the loans.

*Cervantes v. Countrywide Home Loans*, 656 F.3d 1034, 1038-1040 (9th Cir. 2011) (internal citations omitted). Thus, the Assignment was properly executed by an employee of the lender who was delegated as an officer of MERS with the authority to sign the Assignment.

Moreover, simply because the validity of the documents may be disputed is insufficient standing alone to cancel the documents. Plaintiff attaches no documents to the Amended Complaint nor asserts anything beyond legal conclusions and speculation to support his claims. The law supports Nationstar's position that the Assignment was properly executed. Even if the Assignment was stricken, this would not invalidate the Mortgage or impair its enforceability. Plaintiff admitted to signing the Mortgage and there are no allegations of fraud in its execution and the Mortgage has not been satisfied. The Assignment, even if invalid, has no bearing on CrossCountry's right to bring the foreclosure action as the holder of the blank indorsed Note and

25-322785 - VaS

PAGE 15

does not affect the Mortgage's enforceability. *CQB, 2010, LLC v. Bank of New York Mellon*, 177 So. 3d 644, 646 (Fla. 1st DCA 2015) ("Standing to foreclose requires only proof that the foreclosing party held the note when it filed the action. Proof of prior assignments is unnecessary. … Standing is based on current possession of the note and not the chain of ownership."); *Harvey v. Deutsche Bank Nat. Trust Co.*, 69 So. 3d 300 (Fla. 4th DCA 2011) (Assignee of mortgage note had standing to bring foreclosure action as holder of the note, regardless of any recorded assignments, where the note at issue was indorsed in blank, and assignee possessed the original note and filed it with the circuit court); *Wells Fargo Bank, N.A. v. Morcom*, 125 So. 3d 320 (Fla. 5th DCA 2013) (bearer of note indorsed in blank has standing to foreclose even though it's not the owner, did not plead that it was proceeding in a representative capacity, and regardless of any recorded assignments).  Thus, Plaintiff has failed to state a cause of action against Nationstar in Count III and it must be dismissed.

**D.    In Count IV, Plaintiff has failed to show how the Assignment of Mortgage is Fraudulent or False**

In the Amended Complaint, Plaintiff refers to an Assignment of Mortgage recorded in July 2024 which assigns the Mortgage from MERS, as Mortgagee, as Nominee for CrossCountry Mortgage, its Successors and Assigns to CrossCountry Mortgage, LLC.  Plaintiff claims that the Assignment is void due to a lack of lawful authority or authorization (Amended Complaint, ¶ 23), that the Assignment is wrongfully being used as a basis for a foreclosure action. (Amended Complaint, ¶ 24). See Plaintiff's response regarding the MERS assignment above.  Regardless, Nationstar is not a party to the Assignment.

"Where a complaint contains claims of fraud or mistake, … , Rule 9(b) imposes a heightened pleading standard, requiring that the circumstances constituting fraud be stated with

25-322785 - VaS

particularity. *Brexendorf v. Bank of Am., N.A.*, 319 F. Supp. 3d 1257, 1261 (M.D. Fla. 2018). Rule 9(b), Federal Rules of Civil Procedure, states that in "all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." "Pleading fraud with greater specificity than is normally required by the federal rules is necessary in order to: (1) provide defendants with sufficient notice of the acts of which the plaintiff complains to enable them to frame a response, (2) prevent fishing expeditions to uncover unknown wrongs, and (3) protect defendants from unfounded accusations of immoral and otherwise wrongful conduct." *NCR Credit Corp. v. Reptron Elecs., Inc.*, 155 F.R.D. 690, 692 (M.D. Fla. 1994).

Plaintiff generally alleges that the individuals executing the assignment committed fraud by claiming corporate titles they did not have and because the Assignment was not accompanied by a corporate resolution. These allegations are woefully inadequate under the Rule 9(b) standard and Plaintiff fails to allege any damages sustained as a result of these purported acts. "At the pleading stage, the complaint 'must show a cause and effect relationship between the fraud and damages sought; otherwise no cause of action is stated.'" *Baisa v. Indymac Fed. Bank*, No. 2009 WL 3756682, at *4 (E.D. Cal. Nov. 6, 2009).

"Under the MERS system, at the origination of a residential loan, the lender takes possession of a promissory note and the borrower and lender agree to designate MERS as the beneficiary under a deed of trust. The rights to the mortgage are tracked internally and not recorded in the public records each time the rights to the mortgage are bought and sold, so long as the buyer is a member of the MERS system." *In re Mortgage Elec. Registration Sys. (MERS) Litig.*, 2011 WL 251453, at *8 (D. Ariz. Jan. 25, 2011). "To facilitate the execution of the assignments from MERS, MERS designates 'certifying officers,' who are typically employees of MERS member

25-322785 - VaS

firms. MERS authorizes these employees, through formal corporate resolutions, to execute assignments on behalf of MERS." *In re Moreno*, 2010 WL 2106208, at *2 (Bankr. D. Mass. May 24, 2010). There are no documents attached to the Amended Complaint supporting any claim of fraud or invalidity of the signatures on the Assignment. There is no requirement in any statute or rule – and none cited by the Plaintiff - that requires that the corporate resolution accompany the recording of an Assignment.

In fact, to further dispute Plaintiff's argument, the parties to an Assignment are not even required to record the Assignment to make it valid and enforceable. The recording of the Assignment is to put third parties on notice of the transfer of the loan. It is a separate and distinct contract between the parties to the assignment. "[T]he recording of mortgage assignments, under Florida law, is at the complete discretion of the party wishing to record the document. The parties concede there is no statute or judicial decision that *requires* the recording of mortgage assignments." *Fuller v. Mortgage Elec. Registration Sys., Inc.*, 888 F. Supp. 2d 1257, 1274 (M.D. Fla. 2012) (emphasis in original).

In addition, when there are allegations of fraud, Plaintiff is required to plead how each specific defendant was involved in the fraud. Plaintiff fails to assert any allegations in the Amended Complaint that Nationstar was specifically involved with the alleged fraud, particularly in light of the fact that Nationstar is not a party to the Assignment. "In a case involving multiple defendants ... 'the complaint should inform each defendant of the nature of his alleged participation in the fraud.'" *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1381 (11th Cir. 1997) (quoting *DiVittorio v Equidyne Extractive Indus., Inc.*, 822 F. 2d 1242, 1247 (2d Cir 1987). See

25-322785 - VaS

also *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993) ("Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent statements to 'defendants'.").

Plaintiff still has not established in the Amended Complaint how he has standing to contest the validity of the Assignment by MERS. He is neither a party nor a third-party beneficiary to the Assignment. See *Clark v. Lender Processing Services, Inc.*, 949 F. Supp. 2d 763, 771 (N.D. Ohio 2013) "[E]ven if there were a flaw in the assignment, [Plaintiff] does not have standing to raise that flaw to challenge [the] chain of title.  [A] litigant who is not a party to an assignment lacks standing to challenge that assignment." (Internal quotation marks and citations omitted); *Rivera v. Rosenberg & Associates, LLC*, 142 F. Supp. 3d 149, 155 (D.D.C. 2015) ("an individual who is not a party to, or an intended beneficiary of, an assignment agreement lacks standing to challenge the validity of the assignment."); *Jessup v. Progressive Funding,* 35 F.Supp.3d 25, 35 (D.D.C.2014) (finding that plaintiff did not have standing to challenge the validity of any assignment of her mortgage because she did not plead facts showing that she was either a party to, or an intended beneficiary of, the assignment agreement). "To the extent that Plaintiffs challenge the validity of the Assignment either because Plaintiffs allege MERS does not have the authority to assign the Mortgage—or because the Assignment was executed by 'robo-signers'—Plaintiffs do not have standing to raise a challenge to the validity of an assignment because Plaintiffs are not parties to the Assignment." *Altier v. Fed. Nat. Mortg. Ass'n*, No. 1:13-CV-164-MW/GRJ, 2013 WL 6388521, at *3 (N.D. Fla. Dec. 6, 2013).

E.    **The Amended Complaint fails to state a cause of action in Count V for injunctive relief.**

"The Anti–Injunction Act prohibits federal courts from enjoining state proceedings 'except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to

25-322785 - VaS

protect or effectuate its judgments.' 28 U.S.C. § 2283. None of the exceptions to the Anti–Injunction Act apply. No Act of Congress authorizes federal courts to enjoining state court foreclosures, and it is unnecessary to enjoin this particular foreclosure to aid the jurisdiction or protect a judgment of this or any federal court." *Santana v. US Bank, Nat'l Ass'n on Behalf of Holder of Terwin Mortgage Tr. 2006-3 Asset-Backed Certificates, Series 2006-3*, 2016 WL 8999081, at *1 (M.D. Fla. Feb. 25, 2016). There is no legal basis for this Court to enjoin the state court foreclosure proceedings. See *Arthur v. JP Morgan Chase Bank, NA*, 569 Fed. Appx. 669, 678 (11th Cir. 2014) (dismissal of request to enjoin foreclosure proceedings dismissed by district court "because it found that none of the exceptions to the Anti–Injunction Act applied.").

Regardless, this Count is insufficiently pled. For injunctive relief, "[t]he four prerequisites are: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if relief is denied; (3) an injury that outweighs the opponent's potential injury if relief is not granted; and (4) an injunction would not do harm to the public interest." *Colon v. Lakeview Loan Servicing, LLC*, 2025 WL 1799210, *2 (M.D. Fla. June 23, 2025). Plaintiff cannot establish any of the elements required for injunctive relief. "If the movant cannot show a substantial likelihood of success on the merits, the Court need not consider the other requirements." *Id.* "Failure to show any of the four factors is fatal, and the most common failure is not showing a substantial likelihood of success on the merits." *Am. Civil Liberties Union of Florida, Inc. v. Miami-Dade Cnty. Sch. Bd.*, 557 F.3d 1177, 1198 (11th Cir. 2009)

Plaintiff has a very low likelihood of success on the claims in the Amended Complaint as shown herein, especially as to Nationstar, who is not a party to any of the loan documents, did not initiate the foreclosure action, and is merely a subservicer for CrossCountry. CrossCountry is the

25-322785 - VaS

uncontroverted holder of the Note and entitled to enforce same in the foreclosure action and Plaintiff has not asserted any facts, only making unsupported suppositions, that would overcome the presumption of Plaintiff' standing or link Nationstar to the cause of action.

Plaintiff has also failed to establish irreparable injury because any claims regarding the validity of the Mortgage or any injury sustained can be raised in defense of the foreclosure action. "[T]he asserted irreparable injury must be neither remote nor speculative, but actual and imminent." *McCray v. Nationstar Mortgage LLC*, No. 2:25-CV-925-SPC-NPM, 2025 WL 2987654, at *1 (M.D. Fla. Oct. 22, 2025). There are no allegations that Plaintiff's injury that outweighs Nationstar's injury if the relief is not granted. And finally, it is in the public interest for the courts to enforce valid contracts between parties.

D.       **Nationstar's Motion to Strike Jury Trial Demand**

Nationstar moves to strike the jury trial demand made by the Plaintiff.  As noted previously, Plaintiff has admitted to signing the Mortgage at issue in this case. In paragraph 12 of the Mortgage signed by the Plaintiff, Plaintiff has agreed to a waiver of a jury trial.  Paragraph 12 of the Mortgage states: "The Borrower hereby waives any right to a trial by jury in **any action**, **proceeding, claim,** or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note." ((Emphasis added).  Based on the record, Nationstar has shown that Plaintiff knowingly and voluntarily waived his right to a jury trial. The waiver provision in the mortgage is conspicuous, since (1) it is in its own separate paragraph, (2) it is in the same size font as the rest of the document, (3) it is located in the last paragraph of a relatively short document, thus, it cannot be considered hidden within the document, and (4) it states in clear and unambiguous language that Plaintiff is waiving his  right to a jury trial. Therefore, in executing the

25-322785 - VaS

Mortgage, Plaintiff agreed to waive the right to seek a jury trial in <u>any</u> action "arising from or in any way related" to the Mortgage, which would include the instant action. The waiver is clear and conspicuous in the Mortgage, as it is the final paragraph right above the signature blocks and it is clear and unambiguous.

As shown herein, Florida courts routinely and regularly enforce jury trial waivers found in loan agreements. To determine if the jury waiver clause applies to a particular case, the Court must first look to the language of the clause. See e.g. *Bahamas Sales Assoc., Inc. v. Byers*, 701 F. 3d 1335 (11th Cir. 2012). "Under general contract principles, the plain meaning of a contract's language governs its interpretation." *Belize Telecom, Ltd. v. Belize,* 528 F.3d 1298, 1307 & n. 11 (11th Cir.2008). The jury waiver clause in Plaintiff's Mortgage is clear and unambiguous. "The Eleventh Circuit has determined that a claim "'relates to' a contract when the dispute occurs as a fairly direct result of the performance of contractual duties." *Newton v. Wells Fargo Bank N.A.*, 2013 WL 5854520, at *1 (M.D. Fla. 2013) (jury trial demand stricken where the "Mortgage is the sole source of the parties' relationship") (internal quotation mark omitted). The Middle District of Florida has concluded in numerous cases that a jury trial waiver provision has a broad application and covers all claims "arising out of" or "related to" the corresponding Note and Mortgage. See e.g *Levinson v. Green Tree Servicing, LLC,* 2015 WL 1912276, at *2 (M.D. Fla. Ap. 27, 2015) (Order granting Motion to Strike Jury Trial Demand); *Fleeger v. Wachovia Bank, N.A.,* 2013 WL 1760190, at *1-2 (M.D. Fla. Apr. 24, 2013); *Belin v. Litton Loan Servicing, LP,* 2006 WL 2061340, at *2 (M.D. Fla. July 17, 2006).

In line with the *Newton* case, the Mortgage here is the sole basis for the relationship between the Plaintiff and Defendants. The jury waiver clause in *Newton* contains exactly the same

25-322785 - VaS

PAGE 22

language in the jury trial waver contained in the Mortgage in this case. Moreover, all of the Plaintiff' claims are directly related to the Mortgage. See also *Ferraro v. Wells Fargo N.A.*, 2013 WL 5357109, at *1 (M.D. Fla. Sept. 24, 2013) ("Not only are contractual jury waivers generally enforceable, but the specific waiver involved in this mortgage has been upheld by numerous district courts in Florida."). The specific waiver that the *Ferraro* court refers to is the exact waiver that is in the Plaintiff's Mortgage.

Nationstar as the subservicer for CrossCountry is entitled to seek to enforce the jury waiver provision of the Mortgage. *Hamilton v. Sheridan Healthcorp.*, 2014 WL 537343 at *3 (S.D. Fla. Feb. 11, 2014) ("Where a principal has signed a contract containing a jury waiver clause, its employees and agents may also enforce the waiver with regard to claims arising from acts taken within the scope of their employment or agency."). The jury trial waiver in this case should be upheld by the Court and the jury trial demand stricken. See *Yeh Ho v. Wells Fargo Bank, N.A.*, 2020 WL 1163473, at *2 (S.D. Fla. Mar. 11, 2020).

## CONCLUSION

Counts I through V of the Amended Complaint must be dismissed with prejudice as to Nationstar because the Amended Complaint fails to state a cause of action against Nationstar upon which relief can be granted and any attempted amended would be futile. In addition, the jury trial demand must be stricken as it was knowingly waived by the Plaintiff.

25-322785 - VaS

**Local Rule 3.01(g) Certification**

Movant certifies that movant conferred with the Plaintiff via e-mail on March 12, 2026 regarding a resolution of the Motion to Dismiss and Plaintiff does not agree to the relief sought herein.

By: /s/    *Vanessa D. Sloat-Rogers*

Vanessa D. Sloat-Rogers, Esquire
Florida Bar No. 0353530
Communication Email: vrogers@raslg.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 16, 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

ROBERTSON, ANSCHUTZ, SCHNEID, CRANE
& PARTNERS, PLLC
Attorney for Defendant Nationstar
6409 Congress Ave., Suite 100
Boca Raton, FL 33487
Telephone: 561-241-6901
Facsimile: 561-997-6909
Service Email: flmail@raslg.com

By: /s/ *Vanessa D. Sloat-Rogers*

Vanessa D. Sloat-Rogers, Esquire
Florida Bar No. 0353530
Communication Email: vrogers@raslg.com

25-322785 - VaS